IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOAN M. HEINZ, and RON HEINZ, | ) |
| Plaintiffs, | ) 8:08CV369 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) MEMORANDUM AND ORDER |
| Defendant. | ) |

This matter is before the court on defendant's motion for summary judgment. Filing No. 41.[1] Defendant has also filed a motion, Filing No. 67, to strike plaintiffs' supplemental index, Filing No. 66. Plaintiffs brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, alleging that Joan Heinz hurt her leg when she caught her foot in a floor railing system at Offutt Air Force Base Commissary in Bellevue, Nebraska. Plaintiff Ron Heinz brings a claim for loss of consortium.

## BACKGROUND

A floor-mounted rail system was installed at the Commissary by the Defense Commissary Agency and then by Nelson Refrigeration. The particular part of the rail in question in this lawsuit was designed to protect the meat cases from carts. Ms. Heinz was shopping for meat on the day in question. She turned to put meat in her car and put her left foot towards her cart. Her right foot became stuck under the rail, and she fell to the floor and incurred injuries.

---

[1] Defendant also filed a motion to file a reply brief, Filing No. 47, which the court finds is moot, as the brief has already been filed.

## STANDARD OF REVIEW

*A.  Summary Judgment*

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Harder v. ACANDS, Inc., 179 F.3d 609, 611 (8th Cir. 1999). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. Adickes, 398 U.S. at 159-60; Cambee's Furniture, Inc. v. Doughboy Recreational Inc., 825 F.2d 167, 174 (8th Cir. 1987). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. Johnson v. Crooks, 326 F.3d 995, 1006 (8th Cir. 2003). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Id.*

In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Id.* "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." Kenney v. Swift Transp., Inc., 347 F.3d 1041, 1044 (8th Cir. 2003). "Where the unresolved

issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

### *B.  Federal Tort Claims Act*

This court has jurisdiction when "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Green Acres Enterprises, Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005).  Further, because this fall occurred in Nebraska, the court must likewise determine the law of Nebraska. *Budden v. United States*, 15 F.3d 1444, 1449 (8th Cir.1994).

## DISCUSSION

Defendant argues that under Nebraska law there must be a showing of negligence. *See Aguallo v. City of Scottsbluff*, 267 Neb. 801, 807, 678 N.W.2d 82, 88 (2004); *Herrera v. Fleming Companies, Inc.*, 265 Neb. 118, 122, 655 N.W.2d 378, 382 (2003).  Defendant further contends that plaintiff cannot prove that defendant should have known that the railing system created an unreasonable risk of harm to the plaintiff.  Defendant argues that the rail system was installed exactly as required by the manufacturer recommendations, independent safety inspections found nothing dangerous about the system two months before the fall, and there were no other falls as far as defendant knows.  Further, plaintiff admitted in her deposition testimony that she was aware of the rail system and had not had any previous problems with it.

Plaintiff has offered the opinion of their expert, Steve Carmichael, Chief Building Inspector for the City of Bellevue, who opines that the floor rails were an obstruction and in violation of the law. Filing No. 50-2, Affidavit ("Aff.") of Steve Carmichael. Plaintiff asserts that a hidden vertical strut caused her injury, and she had no way of knowing that it existed, as these struts were hidden under the guard rail. Accordingly, they were not open and obvious.

Defendant initially argued that the affidavit of Mr. Carmichael should be given little weight as there is no foundation for his opinion. Defendant also argued that Mr. Carmichael's opinion that there is a legal violation does not refer to any specific laws and, therefore, this opinion should not be given any weight. Defendant contends that: "Buildings constructed by a federal agency are required to comply with 'one of the nationally recognized model building codes and with other applicable nationally recognized codes, including electrical codes, fire and life safety codes, and plumbing codes . . .' 40 U.S.C. § 3312(b). However, 40 U.S.C. § 3312(f) specifically provides that '[a]n action may not be brought against the Federal Government . . . for failure to meet the requirements of subsection (b). . . .'" Filing No. 54, at 9.

The court agrees that defendant cannot be held liable just because it failed to comply with a certain standard. The court notes, however, that Mr. Carmichael initially indicated that he had reviewed photographs, visited the scene, and reviewed emails. The defendant then argued that these references were not specific enough. Thereafter, Mr. Carmichael further elaborated on the documents he relied on in support of his opinions in this case. See Filing No. 66-1, Aff. of Carmichael. Mr. Carmichael has likewise identified the building codes he believes were violated in this case. *Id*.

4

The defendant has filed a motion objecting to the timeliness of the expert's additional affidavit and moves to strike or to file a pleading on the merits. Filing No. 67. The court notes that defendant is correct in that plaintiff filed Filing No. 66 beyond the time limit allowed for replies without leave of court. However, in the hopes of moving this case along, and as previously stated that plaintiff was responding to defendant's claim that Mr. Carmichael was not specific enough regarding the documents on which he relied, the court is going to permit the filing.[2] Additionally, had the plaintiff made a timely request, the court would have allowed the filing. The defendant had specifically argued that plaintiff failed to properly support with appropriate evidence the basis for Mr. Carmichael's opinions. Filing No. 66 is an attempt by the plaintiff to address defendant's issue with the basis for Mr. Carmichael's opinions. The court has reviewed Filing No. 66, including the emails, pictures, affidavits and deposition testimony, and finds there is no prejudice to the defendant in allowing Filing No. 66 and the attached exhibits. For the most part, these are documents already in the possession of the defendant. If, however, defendant believes new issues have been raised that require additional time or discovery, defendant is free to ask the magistrate judge for an extension of time and the magistrate judge can make a determination whether such request will be granted.

Based on the court's review of the evidence presented to date, the court finds there clearly are issues of fact that must be determined at trial as to defendant's negligence in this matter. Mr. Carmichael has stated sufficient opinions to create a triable issue of fact

---

[2] However, the court does suggest that in the future plaintiff's counsel comply more carefully with the local rules.

5

as to negligence in this case. Accordingly, the court will deny the motion for summary judgment.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment, Filing No. 41, is denied;

2. Defendant's motion for time to respond, Filing No. 47, is found moot; and

3. Defendant's motion to strike, Filing No. 67, is denied.

DATED this 21st day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

6