IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOAN M. HEINZ and RON HEINZ,   )<br>   )<br>   Plaintiffs,   )<br>   )<br>v.   )<br>   )<br>UNITED STATES OF AMERICA,   )<br>   )<br>   Defendant.   )<br>   ) | 8:08CV369<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiffs' motion for new trial pursuant of Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60, Filing No. 87, and request for oral argument, Filing No. 90. The court first finds oral argument is not necessary to aid the court in its resolution of the plaintiffs' motion for new trial.

Under Rule 59, the court may grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). A motion for a new trial or amendment of judgment under Fed R. Civ. P. 59 serves the limited function of allowing a court to correct manifest errors of law or fact or allowing a party to present newly discovered evidence. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* Rule 59(e) "provides a means 'to support reconsideration [by the court] of matters properly encompassed in a decision on the merits.'" *Leonard v. Dorsey and Whitney, LLP*, 553 F.3d 609, 620 (8th Cir. 2009). Under Rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself. *Id.*

Under Rule 60, relief from judgment is available under the catch-all provision of the rule, Fed. R. Civ. P. 60(b)(6), "'only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007) (*quoting Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

Generally, the plaintiffs assert error in the court's denial of the plaintiffs' motion for the court to visit the Commissary and personally view the floor-mounted railing system and meat cases. They also argue that the court erred in "failing to realize" several facts about elderly shoppers and supermarket marketing. The plaintiffs have not shown manifest error or any grounds for a new trial under Fed. R. Civ. P. 59 or 60. Accordingly,

IT IS ORDERED:

1. Plaintiffs' request for oral argument (Filing No. 90) is denied.

2. Plaintiffs' motion for new trial (Filing No. 87) is denied.

DATED this 30th day of June, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.